**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 CR 843 |
| | ) | Judge Joan Lefkow |
| MARCELL THOMAS, ET AL, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION FOR A BILL OF PARTICULARS

Now comes Defendant, MARCELL THOMAS, by his attorneys, KENT R. CARLSON & ASSOCIATES P.C. AND respectfully moves this Court, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, and the Due Process, Double Jeopardy and Effective Assistance of Counsel provisions of the Fifth and Sixth Amendments to the Constitution of the United States, for an order directing the government to provide a Bill of Particulars so as to permit Defendant to be adequately apprised of the scope of the government's allegations, so as to permit Defendant to adequately prepare for trial, and to avoid being twice placed in jeopardy for the same offense.

The Indictment in this case charges MARCELL THOMAS and fourteen (14) others in Count one (1) with between 1998 and December 2007, having knowingly and intentionally conspired with others known and unknown to the grand jury to possess with intent to distribute and to distribute, cocaine, cocaine base in the form of crack cocaine, heroin and marijuana in violation of 21 U.S.C. 841(a)(1).

The government has tendered to the defense thousands of recorded conversations and meetings and thousands of pages of written discovery.

1

After careful review of the discovery, counsel is unable to find any evidence to suggest that MARCELL THOMAS was part of the alleged conspiracy. The only information counsel has been able to locate is that MARCELL THOMAS had been arrested several times and convicted for narcotics related offenses.

Defendant requests that the Court enter its order requiring the government to identify:

1. The specific date that MARCELL THOMAS knowingly became a member of the conspiracy with an intention to further the conspiracy.

2. The specific evidence it possesses that MACCELL THOMAS knowingly became a member of the conspiracy with an intention to further the conspiracy.

3. The specific date(s) that MARCELL THOMAS performed acts in furtherance of the charged conspiracy.

4. The specific act(s) that MARCELL THOMAS allegedly performed in furtherance of the charged conspiracy.

By this motion, MARCELL THOMAS is not seeking the government's theory of the case or evidentiary details to which he is not entitled. Rather, Defendant is requesting a narrowly-tailored bill of particulars which is necessary to the presentation of his defense and will limit surprise; but, more importantly, will permit him to plead this case as a bar to double jeopardy.

In light of the alleged nine (9) year conspiracy and voluminous written and recorded discovery MARCELL THOMAS merely seeks adequate notice of the charges against him, so as to enable him to adequately prepare for trial and plead this case as a bar to double jeopardy.

Ordering a bill of particulars serves three interests for a defendant: (1) to enable the defense to prepare adequately; (2) to minimize or avoid undue surprise at trial; and, (3) to permit

the defendant to successfully plead double jeopardy as a bar to later prosecution for the same offense. *Wong Tai v. United States*, 273 U.S. 77, 80 (1927); *United States v. Kendall*, 665 F.2d 126, 134-35 (7th Cir. 1981), *cert. denied*, 455 U.S. 1021 (1982).

The trial court has broad discretion to grant a bill of particulars. *Kendall, supra*. When exercising its discretion, a court should consider the complexity of the charged offense, the degree of discovery available to the defense, and the clarity of the indictment. *United States v. Horak*, 633 F.Supp. 190, 195 (N.D.Ill. 1986), *aff'd in part and vacated in part*, 833 F.2d 1235 (7th Cir. 1987). Rule 7(f) of the Federal Rules of Criminal Procedure has been interpreted broadly to require that fair notice of the charges be given to the defendant. *See, e.g.*, *United States v. Tucker*, 262 F.Supp. 305, 307 (S.D.N.Y. 1966). It appears, therefore, that any doubt about whether a bill of particulars should be granted "must be resolved in favor of disclosure and the conflicting concerns [of the government and the defendant] must yield to paramount public interest in affording the accused a reasonable foundation for mounting a defense." *United States v. Manetti*, 323 F.Supp. 683, 696 (D.Del. 1971); *United States v. Thevis*, 474 F.Supp. 117, 124 (N.D.Ga. 1979), *aff'd*, 665 F.2d 616 (5th Cir.), *cert. denied*, 459 U.S. 825 (1982).

It is no answer to a motion for a bill of particulars that the particulars sought are evidentiary in nature, call for legal theory, or involve the naming of potential trial witnesses. *See, e.g.*, *Thevis,* at 123. Likewise, it is of no consequence that the defendant should know the facts demanded, for such a suggestion would fly in the face of the presumption of innocence.

It is further no answer to a bill of particulars that the defendant has been, or will be, provided with substantial discovery. The government bears the responsibility of filing a bill of particulars when an indictment fails to adequately notify the defendant of the allegations at issue.

3

*United States v. Roth*, 669 F.Supp. 1386, 1389 (N.D.Ill. 1987), *aff'd*, 860 F.2d 1382 (7th Cir. 1988); *United States v. Davidoff*, 845 F.2d 1151 (2nd Cir. 1988); *United States v. Bortnovsky*, 820 F.2d 572, 575 (2nd Cir. 1987).

WHEREFORE, Defendant MARCELL THOMAS respectfully prays that this Court enter its order requiring the government to provide the particulars requested herein.

Respectfully submitted,

s/Kent R. Carlson
KENT R. CARLSON & ASSOCIATES P.C.
53 W. Jackson Blvd. - Suite 1544
Chicago, Il. 60604
(312) 663-9601
kentrcarlson@sbcglobal.net
Illinois bar No. 6187360

## **CERTIFICATE OF SERVICE**

The undersigned, hereby certifies that the following document:

## **MOTION FOR A BILL OF PARTICULARS**

Was served on August 20, 2008, in accordance with Fed. R. Crim. P. 49, Local Rule 5.5 and the General Order on Electric Case Filing (ECF), pursuant to the District Court's system as to ECF filers.

s/Kent R. Carlson

KENT R. CARLSON & ASSOCIATES P.C.
53 W. Jackson Blvd. - Suite 1544
Chicago, Il. 60604
(312) 663-9601
kentrcarlson@sbcglobal.net