IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 CR 843 |
| | ) | Judge Joan Lefkow |
| MARCELL THOMAS, ET AL, | ) | |
| Defendant. | ) | |

**MOTION FOR AN ORDER REQUIRING THE GOVERNMENT
TO GIVE NOTICE OF IT'S INTENTION TO USE
EVIDENCE OF OTHER CRIMES, WRONGS OR ACTS**

Now comes the defendant, MARCELL THOMAS, by and through his attorneys KENT R. CARLSON & ASSOCIATES P.C., and respectfully moves this Honorable Court pursuant to Rules 12(d)(2) and 16(a)(1) © of the Federal Rules of Criminal Procedure, to require the government to give notice of it's intention to use at trial, in it's case and chief, during cross-examination of the defendant, or in it's rebuttal case, the following materials:

1. Evidence of "other crimes, wrongs or acts" of the defendant in her cause, as that phrase is defined in Federal Rules of Evidence 404(b). With respect to her notice, the government should identify, describe and produce:

    (a) Date, time, places and persons involved in said other crimes, wrongs or acts;

    (b) The statement of each participant in said other crimes, wrongs or acts;

    © Documents, including but not limited to, any notes, memoranda, reports, telephone records, correspondence, interviews or statements, which contain evidence of said other crimes, wrongs or acts, including when the documents were prepared, who prepared the documents, and who has had and now

       has possession of the documents since the alleged
       commission of the crimes, wrongs and acts;

(d) A statement of the issue or issues to which the government believes such other crimes, wrongs or acts evidenced may be relevant under Federal rules of Evidence 404(b).

Disclosure of the foregoing evidence should be ordered since notice gives the defendant the necessary time to meet and challenge such evidence. In United States -v- Foskey, 636 F.2d 517 (D.C. Cir. 1980), the Court in reversing a Defendant's conviction because of the erroneous admission of 404(b) evidence, recommended that the government notify the defense before trial of it's intention to introduce such evidence. The Court reasoned that given the complexity of many 404(b) issues and the confusion which often occurs with such evidence, pre-trial notice may obviate difficulty.

2. This Court certainly has discretion to grant her request. See e.g. United States -v- Gilpin, 678 F. Supp. 1361 (N.D. Ill. 1988)(stating the government would be barred from using 404(b) evidence if adequate notice was not given); United States -v- Sayides, 651 F. Supp. 1024 (N.D. Ill. 1987) (ordering the government to produce prior trial all 404(b) material it intended to use during it's case and chief. Moreover, disclosure should be ordered since the defendant's uncharged charged bad acts often will result in admission of "statements of the defendant" within the meaning of Rule 16(2).

Furthermore, defendant requests production of any certain "specific instances of conduct" of defendant in her in her case, as that phrase is used in Federal Rules of Evidence 608(b), which the government may seek to introduce in rebuttal, or to impeach defendant's testimony, if they/he choose(s) to testify.

Specifically, the government should identify, describe and produce:

(a) Date, time, places and persons involved in the specific acts of misconduct;

(b) The statement of each participant in the specific acts of misconduct;

© Documents, including but not limited to, any notes, memoranda, reports, telephone records, correspondence, interviews or statements, which contain evidence of said specific acts of misconduct including when the documents were prepared, who prepared the documents, and who has had and now has possession of the documents since the alleged commission of the specific acts of misconduct.

Disclosure should be ordered under Rule 12(d) which directs the government to disclose evidence that may be the subject of a motion to suppress. Although the request for disclosure of specific acts of misconduct may not be within the letter of Federal Rule of Criminal Procedure 12(b)(2), it is clearly within the spirit and purpose of that rule. United States -v- Climatetop Inc. 483 F.Supp. 376, 391 (N.D. Ill. 1979), affirmed United States -v- Reliance Sheet Metal Works, Inc., 705 F.2d 461 (7th Cir 1980).

3. Production in accordance with her request is necessary, so that his prosecution may proceed with all possible expedition. Otherwise, the defendant's ability to properly prepare for trial and receive the effective assistance of counsel guaranteed by the Sixth Amendment will be prejudicially impeded.

Wherefore, the defendant MARCELL THOMAS respectfully prays this Honorable Court enter an order requiring the government to produce forthwith a notice, in the form set forth above, of it's intention to use evidence of other crimes, wrongs or bad acts under Rules 404(b) and/or 608(b) of the Federal Rules of Evidence, as well as any supporting documentation, witness statements, or statements by the defendant in relation to these uncharged acts.

Respectfully submitted,
s/Kent R. Carlson
KENT R. CARLSON & ASSOCIATES P.C.
53 W. Jackson Blvd. - Suite 1544
Chicago, Il. 60604
kentrcarlson@sbcglobal.net

## CERTIFICATE OF SERVICE

The undersigned, hereby certifies that the following document:

## MOTION FOR AN ORDER REQUIRING THE GOVERNMENT TO GIVE NOTICE OF IT'S INTENTION TO USE EVIDENCE OF OTHER CRIMES, WRONGS OR ACTS

Was served on August 20, 2008, in accordance with Fed. R. Crim. P. 49, Local Rule 5.5 and the General Order on Electric Case Filing (ECF), pursuant to the District Court's system as to ECF filers.

s/Kent R. Carlson
KENT R. CARLSON & ASSOCIATES P.C.
53 W. Jackson Blvd. - Suite 1544
Chicago, Il. 60604
(312) 663-9601
kentrcarlson@sbcglobal.net